R. H. ALLEN, APPELLANT, V. DANIEL MEETZ, APPELLEE.

FILED FEBRUARY 10, 1912.   No. 16,599.

1. Instructions examined and referred to in the opinion, *held* without prejudicial error.

2. Evidence examined, and found sufficient to sustain the verdict and judgment.

Appeal from the district court for Pierce county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Douglas Cones,* for appellant.

*Mapes & Hazen, contra.*

FAWCETT, J.

Action in the district court for Pierce county, upon two promissory notes given as the consideration for the purchase of a threshing machine, consisting of a separator and loader. Petition in the usual form. The answer admits the execution and delivery of the notes; alleges failure of the consideration therefor, in that the machine was defective, would not do the work for which it was designed and purchased, even after several opportunities were given plaintiff to remedy the defects; that defendant placed the machine under a shelter at his residence, and notified plaintiff that it was there, subject to his order, and that subsequently plaintiff took possession of the machine. Defendant also sets up a counterclaim, consisting of a number of items aggregating over $800. The reply is in substance a general denial, with an allegation that plaintiff furnished an expert who adjusted and put the machinery in working order, and that defendant on October 9, 1903, and again three days later, acknowledged in writing that said machinery was operating in a satisfactory manner. There was a trial to a jury, with a verdict in favor of defendant and against the plaintiff on

plaintiff's causes of action, and in favor of defendant upon his counterclaim, for one cent. Plaintiff appeals.

Objection is made to instructions 2 and 5, given by the court on its own motion. In each of these instructions the court is simply stating the issues, No. 5 being directed to the reply. The only objection urged to No. 5 is that it omits the allegation in the reply in relation to the written acknowledgments of October 9 and 12. We think the instruction states all that was material. The two written statements omitted were introduced in evidence, and, under other instructions properly given, plaintiff had the full benefit of both; hence, he was not in any manner prejudiced by the failure of the court to refer thereto in instruction No. 5.

We have examined the evidence, and find that it is ample to sustain the verdict of the jury.

Finding no reversible error in the record, the judgment of the district court is

AFFIRMED.